NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 10, 2026

Adrian Jawaun Johnson
Johnson & Associates, PC
1 Tower Center Blvd., Suite 1510
East Brunswick, NJ 08816
*Counsel for Plaintiff Robert A. Baker, Jr.*

Scott W. Parker
Parker Ibrahim & Berg LLP
270 Davidson Ave., 5th Floor
Somerset, NJ 08873
*Counsel for Defendant Central Loan Administration & Reporting FSB*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:**     ***Baker v. Central Loan Administration & Reporting FSB, et al.***
**Civil Action No. 25-1696 (SDW) (SDA)**

Counsel:

Before this Court is Defendant[1] Central Loan Administration & Reporting FSB's ("Defendant") Motion to Dismiss (D.E. 19 ("Motion")) the Amended Complaint filed by Plaintiff Robert A. Baker (D.E. 15 ("AC")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, Defendant's Motion is **GRANTED** and the Amended Complaint is **DISMISSED WITH PREJUDICE**.

### BACKGROUND & PROCEDURAL HISTORY

In September 2023, Plaintiff received a foreclosure notice from Defendant, a mortgage servicer, stating that he was six months delinquent on his mortgage. (AC ¶¶ 8, 47.) Plaintiff attempted to resolve the issue by providing bank statements showing the payment had been made and withdrawn from his account, but Defendant deemed that documentation insufficient and continued the foreclosure process. (*Id.* ¶¶ 9–10.) On September 19, 2023, Plaintiff was approved

---

[1] Two named Defendants, Ansetti & Associates, LLC and Vincent M. Ansetti, Esq., have not been served. Pursuant to this Court's previous Opinion in this matter dated September 16, 2025 (D.E. 13), those Defendants are now dismissed with prejudice.

for assistance from the New Jersey Emergency Rescue Mortgage Assistance Program—the grant was applied to his account and temporarily halted the foreclosure proceedings. (*Id.* ¶ 19.)

In January 2024, Plaintiff enrolled in an auto-pay arrangement with Defendant. (*Id.* ¶ 22.) The arrangement worked for January and February 2024, but Defendant reversed the March 2024 payment for insufficient funds, even though Plaintiff confirmed sufficient funds were available at the time of the attempted withdrawal. (*Id.* ¶¶ 23–24.) On March 15, 2024, Plaintiff submitted his payment by cashier's check at an additional fee. (*Id.* ¶ 25.) As the auto-pay issues persisted, Defendant placed a restriction on Plaintif's account and required that payments be made only by bank check or cashier's check. (*Id.* ¶¶ 26–27.) On April 10, 2024, Plaintiff participated in a conference call with Defendant and provided bank statements reflecting a positive balance. (*Id.* ¶ 28.) Defendant nevertheless maintained the payment restriction and did not reinstate Plaintiff's preferred method of automatic payment. (*Id.*) On April 11, 2024, Plaintiff mailed a letter via certified mail identifying himself and his account number, asserting that the account was in error due to improper payment reversals, requesting all documents supporting those reversals and a complete payment history since the September 2023 grant, and demanding that Defendant remove the payment restriction. (*Id.* ¶ 29.)

Based on these events, Plaintiff asserts three claims[2] against Defendant: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, based on alleged misrepresentations regarding the reason for the payment reversals and the use of unfair and unconscionable means of collecting a debt; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, based on Defendant's alleged failure to timely and adequately respond to his inquiry; and (3) negligence, based on the theory that Defendant owed a duty of care in managing Plaintiff's mortgage account and breached that duty by reversing payments without valid reasons, imposing unjustified restrictions on payment methods, and failing to provide proper account verification. (*See* AC ¶¶ 37–51; 63–67.)

On March 6, 2025, Plaintiff filed his initial Complaint. On September 16, 2025, this Court granted Defendant's Motion to Dismiss in its entirety, with leave to amend. (*See* D.E. 13.) This Court dismissed the Complaint because: (1) the negligence claim was barred by the economic loss doctrine; (2) the FDCPA claim was time-barred and failed to plead specific statutory violations; and (3) the RESPA claim did not identify which provision of the statute was violated or sufficiently allege that Plaintiff had submitted a valid Qualified Written Request. (*See id.* at 2–4.) On October 16, 2025, Plaintiff filed the Amended Complaint and Defendant again moved to dismiss. (*See* D.E. 15, 19.) Timely briefing ensued[3]. (*See* D.E. 20–21.)

**LEGAL STANDARD**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[2] Counts III and VI were not asserted against Defendant.
[3] Plaintiff filed his Opposition on December 14, 2025, thirteen days after the deadline, without seeking leave to file late. (*See* D.E. 20.)

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Iqbal, 556 U.S. at 679* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. FDCPA

The FDCPA applies only to entities that qualify as "debt collectors". 15 U.S.C. § 1692a(6). The statute limits that term to entities "whose principal purpose is the collection of any debts, and those who regularly collect debts owed another . . .", meaning that their primary business is obtaining payments on debts it acquires. *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 371 (3d Cir. 2018); *Barbato v. Greystone All., LLC*, 916 F.3d 260, 267 (3d Cir. 2019). A bare assertion that a defendant is a debt collector is insufficient to confer liability under the FDCPA. *Poltrock v. NJ Auto. Accts. Mgmt. Co.*, No. 08-1999, 2008 WL 5416396, at *3 (D.N.J. Dec. 22, 2008); *Challenger v. Experian Info. Sols., Inc.*, No. 06-5263, 2007 WL 895774, at *1 (D.N.J. Mar. 22, 2007).

Here, Plaintiff pleads no facts to support a plausible inference that Defendant is a debt collector. The Amended Complaint merely recites the statutory definition, alleging that Defendant "regularly collects or attempts to collect debts owed or due or asserted to be owed or due another", without any additional factual allegations. (AC ¶ 39.)

In any event, mortgage servicers like Defendant are generally not considered "debt collectors" under the FDCPA if they acquired the loans before default. *Tutanji v. Bank of Am.*, No. 12-887, 2012 WL 1964507, at *3 (D.N.J. May 31, 2012); *Whittingham v. Amended Mortg. Elec. Registration Servs., Inc.*, No. 06-3016, 2007 WL 1456196, at *7 (D.N.J. May 15, 2007). Here, Plaintiff's own allegations confirm that Defendant had his mortgage before it went into default, as he received a foreclosure notice from Defendant stating he was six months behind on mortgage payments. (AC ¶ 8.) Accordingly, Defendant is not a debt collector and the FDCPA is inapplicable, even if Plaintiff had otherwise pleaded sufficient facts.

### B. RESPA

To state a claim under RESPA § 2605(e), a plaintiff must allege: (1) the submission of a qualified written request ("QWR") by a borrower to a loan servicer; (2) a failure by the loan servicer to timely respond; and (3) actual or statutory damages. *Rhodes v. Marix Servicing, LLC*,

302 F. Supp. 3d 656, 662 (D.N.J. 2018) (quoting *Davis v. Deutsche Bank Nat'l Tr. Co.*, No. CV 16-5382, 2017 WL 6336473, at *7 (E.D. Pa. Dec. 12, 2017)); *Bukowski v. Wells Fargo Bank, N.A.*, 757 F. App'x 124, 128 (3d Cir. 2018).  The statute requires that the plaintiff's damages accrued as a result of the defendant's failure to comply with the statute.  *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 592 (D.N.J. 2016) (quoting 12 U.S.C. § 2605(f)(1)(A)).

Here, Plaintiff's RESPA claim fails because the Amended Complaint lacks any facts showing that he is entitled to either actual or statutory damages.  Plaintiff alleges actual damages in the form of fees incurred to obtain cashier's checks while the payment restriction was in place, emotional distress, and the costs and attorney's fees of prosecuting this action.  (AC at 9–10.)  However, Plaintiff does not allege that he actually paid any amount that he was not already obligated to pay as a result of Defendant's failure to respond to his QWR.  (*See id.* ¶¶ 50–51.)  Nor does he plausibly allege that the cashier's check fees were caused by any failure to respond:  he alleges he began incurring those fees with his March 2024 mortgage payment, which was before the April 11, 2024 QWR and before Defendant's response deadline.  (*Id.* ¶¶ 25, 28–30.)  Plaintiff's conclusory allegations of emotional distress likewise do not suffice to plead actual damages.  *See Schmidt v. Wells Fargo Bank, N.A.*, No. 17-01708, 2019 WL 4943756, at *4 (D.N.J. Oct. 8, 2019).  Lastly, Plaintiff cannot satisfy RESPA's actual damages requirement through litigation costs or attorney's fees.  *Crist v. Cenlar FSB*, No. 23-3448, 2025 WL 296013, at *3 (D.N.J. Jan. 23, 2025) (quoting *Davis*, 2017 WL 6336473, at *8)); *Giordano v. MGC Mortg., Inc*, 160 F. Supp. 3d 778, 783 (D.N.J. 2016).

Plaintiff's claim for statutory damages also fails.  RESPA permits statutory damages only upon a showing of a "pattern or practice of noncompliance".  12 U.S.C. § 2605(f)(1)(B).  Plaintiff alleges no facts supporting any pattern or practice of noncompliance, so statutory damages are unavailable, and the claim must be dismissed.

C. Negligence

This Court previously dismissed Plaintiff's negligence claim because it is barred by the economic loss doctrine.  (D.E. 13 at 3–4.)  Plaintiff reasserted the same claim in the Amended Complaint without curing the defect, so the negligence claim is dismissed again.  (AC ¶¶ 63–67.)

D. Leave to Amend

Although courts are instructed to "freely give leave" to amend pleadings, they may deny a motion to amend when amendment would be futile, or if the amended complaint would not survive a motion to dismiss.  *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 330 (3d Cir. 2007) (quoting *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004)); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Here, any further attempt to amend Plaintiff's Amended Complaint would be futile because Plaintiff has not alleged facts sufficient to support any of the three claims.  (*See generally* AC.)  Accordingly, this case is dismissed with prejudice.

4

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED**, and the Amended Complaint is **DISMISSED WITH PREJUDICE**. This case shall remain closed. An appropriate order follows.

_/s/ Susan D. Wigenton_
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.
        Parties